IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| BARRY EMMETT #1383329 | § | |
| VS. | § | CIVIL ACTION NO. 9:22cv4 |
| WARDEN DICKERSON, ET AL. | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Barry Emmett, an inmate confined at the Polunsky Unit of the Texas Department of Criminal Justice, Institutional Division, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has not paid the filing fee and presumably seeks leave to proceed *in forma pauperis* in this action.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge, for findings of fact, conclusions of law, and recommendations for the disposition of the case.

### Discussion

Plaintiff complains that he is being denied kosher meals, the unit dentist is refusing to fill a damaged tooth, the unit doctor is refusing to request that plaintiff be scheduled for hernia surgery, and the warden is refusing to process his state tort lawsuit in Walker County, Texas.

### Analysis

Title 28 U.S.C. § 1915(g) prohibits prisoners from repeatedly filing frivolous or malicious complaints. Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action [*in forma pauperis*] . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff is a recreational litigator who has filed more than sixty (60) prisoner civil rights actions and at least twenty (20) appeals in the federal courts. *See Emmett v. Julye*, 3:21cv372 (S.D.

Tex. Jan. 24, 2022). Additionally, plaintiff has accumulated more than a dozen strikes for filing frivolous actions or appeals. *Id.* The unsupported allegations set forth in plaintiff's complaint do not demonstrate that he was in imminent danger of serious physical injury at the time he filed his complaint. *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). While plaintiff argues he is in imminent danger of serious physical injury, his disagreements with the medical care he is receiving, as well as his lack of kosher meals and other claims, are factually insufficient to show that he was in imminent danger when he filed this complaint. Section 1915(g) therefore bars plaintiff from proceeding further with this lawsuit on an *in forma pauperis* basis.

## Recommendation

The above-styled civil action should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

SIGNED this 26th day of January, 2022.

Zack Hawthorn
United States Magistrate Judge